O

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

| | | |
|---|---|---|
| JESUS P. DIAZ et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Civil Action No. L-05-113 |
| | § | |
| MICHAEL D. MCQUINN et al., | § | |
| | § | |
| Defendants. | § | |

# O R D E R

Pending before this court is Defendants, Michael D. McQuinn and Home Cab Company, Inc., d/b/a City Cartage Co.'s Motion in Opposition to Plaintiffs' Second Amended Complaint [Docket No. 27] and Plaintiffs' Motion for Leave to File Second Amended Complaint [Docket No. 32].

## I.     Background

Defendants request that Plaintiffs' Second Amended Complaint be struck from the record due to Plaintiffs' lack of diligence in seeking leave from the Court and the amendment's futility. One day after Plaintiffs served their second amended complaint on Defendants, Plaintiffs served their Motion for Leave to File Second Amended Complaint.  Plaintiffs assert that Defendants will not be prejudiced by Plaintiffs' amended pleading because the only proposed change requests the jury to determine damages.

## II.     Analysis

Federal Rule of Civil Procedure 15(a) states that leave to amend shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  Unless the opposing party can show "undue delay, bad

faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," a court should freely give leave to amend a pleading. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The mere passage of time is not enough to deny leave to amend, "it is only undue delay that forecloses amendment." *Dussouy v. Gulf Coast Inv. Corp*., 660 F.2d 594, 598 (5th Cir. 1981).

Defendants allege that Plaintiffs were not diligent in filing their amended complaint because Plaintiffs filed their second amended complaint on the deadline to file amended pleadings without leave of court and without conferring with Defense Counsel. Plaintiffs served their second amended complaint on the deadline to file amended pleadings and served their motion for leave one day later. Although Plaintiffs served their motion for leave one day after the deadline to file amended pleadings, the mere passage of time is not enough to deny a motion to amend. Undue delay is required to deny a motion to amend. Defendants have failed to make a showing of undue delay.

It is within the court's "discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000)(citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading United States of America Co.*, 195 F.3d 765, 771 (5th Cir. 1999), *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th 1994)). Futility in this context is interpreted "to mean that the amended complaint would fail to state a claim upon which relief could be granted." *Id*. at 873 (citations omitted). The same standard applied under Federal Rule of Civil Procedure 12(b)(6) is applied to determine futility; a court therefore looks at "'whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief.'" *Id*. (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.

2000)).

Defendants state that Plaintiffs' amendment is futile because it does not state any new allegations against Defendants.  However, looking at the Plaintiffs' Second Amended Complaint in the light most favorable to Plaintiffs and with every doubt resolved in Plaintiffs' behalf, the complaint states a valid claim for relief.

Defendants have failed to show undue delay, bad faith or dilatory motive by Plaintiffs, repeated failure to cure deficiencies, undue prejudice to Defendants, or futility.  Therefore, Defendants, Michael D. McQuinn and Home Cab Company, Inc., d/b/a City Cartage Co.'s Motion in Opposition to Plaintiffs' Second Amended Complaint is hereby DENIED and Plaintiffs' Motion for Leave to Amend is hereby GRANTED.  It is hereby further ordered that Plaintiffs' Second Amended Complaint [Docket No. 33] is made a part of the record.

IT IS SO ORDERED.

DONE at Laredo, Texas, this 27th day of June, 2006.

_____
Adriana Arce-Flores
United States Magistrate Judge


**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS NOTICE SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**